UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DELPHINE D. SOPSHER | CIVIL ACTION |
| VERSUS | NO. 07-5590 |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION | SECTION "A" (2) |

## FINDINGS AND RECOMMENDATION

Plaintiff, Delphine D. Sopsher, through her counsel, has filed an application for attorney's fees and expenses as the prevailing party under the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412(a), (d). Record Doc. No. 20. Plaintiff's application was noticed for hearing on August 26, 2009, without oral argument. Counsel for defendant, Michael J. Astrue, Commissioner of the Social Security Administration, has filed in the record a response to plaintiff's application advising that defendant has no opposition to the application. Accordingly, plaintiff's application, seeking an award of $3,937.50, representing 31.5 hours of attorney time at a rate of $125 per hour, is deemed to be unopposed, and, further, it appearing that the motion has merit, for the following reasons, it is recommended that plaintiff's application be GRANTED.

A.      The Relevant Provisions of the EAJA

Until March 29, 1996, the EAJA provided that "attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii) (before 1996 amendment). In Hall v. Shalala, 50 F.3d 367, 370 (5th Cir. 1995), the Fifth Circuit held that the district court has discretion to award attorney's fees at or below the $75 statutory hourly rate, but that the $75 rate is a ceiling which cannot be exceeded unless the district court determines that a higher fee is justified by inflation or a special factor.

The Fifth Circuit in Hall invited the judges of the Eastern District of Louisiana to address any lack of uniformity in fees awarded under the EAJA in this district. Accordingly, the district judges met en banc and issued a General Order dated September 12, 1995, which provided that "'the amount of attorney's fees awarded [under the EAJA] shall be $75.00 per hour, conditioned upon the ability of the judge for good cause to increase the amount of attorney's fees awarded to that which is appropriate under the circumstances.'" Adams v. Chater, 914 F. Supp. 1365, 1369 (E.D. La. 1995) (Sear, C.J.) (quoting the General Order).

The EAJA was amended in 1996 to increase the maximum statutory rate from $75 to $125 per hour. 28 U.S.C. § 2412. That amendment applies only to civil actions

commenced on or after its effective date of March 29, 1996. Id., Historical and Statutory Note to 1996 Amendment (quoted in Federal Civil Judicial Procedure and Rules 1015 (West pamph. 2002 ed.)). In October 1997, the district judges of this court again met en banc and amended the General Order to conform with the new statutory rate. The General Order now provides "[t]hat in cases in which the Equal Access to Justice Act applies, the amount of attorney's fees awarded may be $125.00 per hour, conditioned upon a finding by the Judge of good cause to increase the amount of attorney's fees to $125.00 or that which is appropriate under the circumstances."

The instant action was commenced after the effective date of the amendments to the statute and the amended General Order. Accordingly, the amended statute and General Order apply to this case.

B.  The Hourly Rate

The rule in the Fifth Circuit is that the statutory rate is a ceiling, not a floor. Hall, 50 F.3d at 370; In Re Estate of Lee, 812 F.2d 253, 257 (5th Cir. 1987). In Hall, the Fifth Circuit held that "a district court, in its discretion, may determine that a fee below the established ceiling is a reasonable attorney's fee award based on the facts of a particular case." Hall, 50 F.3d at 370 (emphasis added). "[A] district court will always retain substantial discretion in fixing the amount of an EAJA award." Commissioner, Immig. & Naturalization Serv. v. Jean, 496 U.S. 154, 162 (1990). Thus, this court may award

3

attorney's fees at less than the $125 hourly rate if plaintiff fails to establish justification for the higher rate.

In determining an appropriate award, the district court must take into account the goals of the EAJA. The hourly rate must satisfy the dual purposes of the EAJA: (1) to ensure adequate representation for those who need it and (2) to minimize the cost of this representation to taxpayers. Baker v. Bowen, 839 F.2d 1075, 1083 (5th Cir. 1988); Lodge v. Apfel, No. 00-1022, 2001 WL 637366, at *1 (E.D. La. June 8, 2001) (Schwartz, J.); Norton v. Apfel, No. 99-2209, 2000 WL 1099936, at *1 (E.D. La. Aug. 3, 2000) (Mitchell, J.).

Plaintiff's counsel is known to this court as a frequent and knowledgeable practitioner in Social Security law. The legal issues in this matter were not particularly complex, but did require the application of specialized expertise. Plaintiff has demonstrated (and defendant does not dispute) that she is entitled to the fee of $125 per hour permitted by the statute, and I find that such a rate is reasonable.

Therefore, I recommend that plaintiff receive her reasonable attorney's fees at the rate of $125 per hour.

C. <u>Computation of Reasonable Hours</u>

Plaintiff's counsel has requested compensation for a total of 31.5 hours of work billed at an attorney's rate. I find that the hours claimed are reasonable and necessary.

This case proceeded through the briefing stage, and plaintiff was required to submit her brief to the court before the case was remanded. Plaintiff obtained clearly successful results. Plaintiff's counsel has itemized all hours expended, and they were reasonably incurred.

Finally, time reasonably spent compiling an EAJA application may be compensable. Such work is a necessary extension of the litigation on the merits, for which Congress has expressly provided attorney's fees. McDonald v. Secretary of Health & Human Servs., 884 F.2d 1468, 1482 (1st Cir. 1989) (Selya, J., concurring in part, dissenting in part); Kelly v. Bowen, 862 F.2d 1333, 1335 (8th Cir. 1988); Childress v. Sullivan, 742 F. Supp. 1088, 1089 (D. Colo. 1990); Volpe v. Heckler, 610 F. Supp. 144, 147 (S.D. Fla. 1985); cf. Jean, 496 U.S. at 161 (plaintiff may recover reasonable attorney's fees for time spent litigating fee request under EAJA). Therefore, plaintiff should receive fees for the requested time spent preparing her fee application.

Accordingly, I recommend that plaintiff be awarded attorney's fees for 31.5 hours that were reasonably and necessarily expended on this matter.

## **RECOMMENDATION**

For the foregoing reasons, **IT IS RECOMMENDED** that plaintiff be awarded her reasonable attorney's fees at the rate of $125 per hour for 31.5 hours, or $3,937.50.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this \_\_\_15th\_\_\_ day of July, 2009.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE